J-S10015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC L. RUDOLPH | : | |
| | : | |
| Appellant | : | No. 852 WDA 2023 |

Appeal from the PCRA Order Entered May 8, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002479-1993

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: APRIL 4, 2024**

Appellant, Eric L. Rudolph, appeals *pro se* from the May 8, 2023 order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court summarized the relevant factual and procedural history of this case as follows.

> On June 26, 1993, a criminal complaint was filed charging [Appellant] with criminal homicide, . . . and firearms not to be carried without a license.
>
> ***
>
> On September 20, 1993, the Commonwealth filed an information charging [Appellant] with criminal homicide, . . . aggravated assault, . . . and firearms not to be carried without a license.
>
> Trial commenced on April 11, 1994, before the Honorable Gary P. Caruso, sitting with a jury. On April 18, 1994, [Appellant] was found guilty of first-degree criminal homicide, aggravated assault, and firearm carried without a license. That same day,

[Appellant] was sentenced at count one to life imprisonment, at count two[,] no further sentence, and at count three[,] to one to two years of incarceration to run concurrent with count one. [Appellant's judgment of sentence was affirmed by this Court on July 12, 1995. ***Commonwealth v. Rudolph***, 667 A.2d 423 (Pa. Super. 1995) (non-precedential decision). Appellant did not seek further review.]

\*\*\*

On July 22, 1996, [Appellant] filed a *pro se* [PCRA petition] on the basis of ineffective assistance of counsel. … By order dated May 12, 1997, [the PCRA court denied Appellant's petition. This Court affirmed the PCRA court's order denying PCRA relief on December 31, 1998. *See* ***Commonwealth v. Rudolph***, 736 A.2d 13 (Pa. Super. 1998) (non-precedential decision), *appeal denied*, 739 A.2d 542 (Pa. 1999).]

\*\*\*

On March 16, 2000, [Appellant], *pro se,* filed a second PCRA petition, [raising multiple claims]. On July 21, 2000, the [PCRA c]ourt filed a notice of intention to dismiss [Appellant's] second PCRA petition [pursuant to Pa.R.Crim.P. 907, finding that Appellant's] second PCRA petition [w]as [] time-barred. By order dated August 30, 2000, [Appellant's] second PCRA petition was dismissed. [This Court affirmed the PCRA court's order denying PCRA relief on August 30, 2001. ***See Commonwealth v. Rudolph***, 785 A.2d 1034 (Pa. Super. 2001).]

\*\*\*

On July [2]0, 2008, [Appellant] filed a third [PCRA petition] raising issues regarding the weight and sufficiency of the evidence and effectiveness of counsel for failure to call two witnesses to impeach the credibility of the Commonwealth's witnesses.

On August 22, 2012, [Appellant] filed a fourth [PCRA petition], alleging that he was a minor at the time he committed the crime and, as such, [his] sentence of life imprisonment was unlawful.[1]

On March 28, 2014, the Supreme Court of Pennsylvania received a *habeas corpus* petition which [Appellant filed]. On

> April 3, 2014, the matter was transferred to the Court of Common Pleas of Westmoreland County.
>
> ***
>
> By order dated February 1, 2016, [Appellant's] *habeas corpus* [petition] was denied as lacking merit.
>
> By order dated April 22, 2019, [Appellant's] fourth PCRA [petition] was denied.
>
> On April 23, 2019, [counsel] was appointed . . . for [Appellant] to review [the] matters raised in the PCRA petition filed July 20, 2008 ([Appellant's] third PCRA petition).
>
> ***
>
> On June 10, 2020, [Appellant], through counsel, filed another [PCRA petition] which was treated as an amended petition to that filed on July 20, 2008, raising ineffectiveness of counsel for failure to call two witnesses for the purpose of impeaching the Commonwealth witnesses. On June 12, 2020, [Appellant] filed a motion to reinstate PCRA rights. By order of the same date, [Appellant's] PCRA rights were restored *nunc pro tunc* as if the amended petition had been filed on July 20, 2008.
>
> On August 20, 2021, [Appellant], through counsel, filed a motion to withdraw petition for PCRA relief. This motion was granted on the same date and [Appellant's] PCRA petition was docketed as withdrawn.
>
> ---
>
> FN1: [Appellant's] birthdate is July 12, 1972. The crime was committed on June 26, 1993. [Appellant], therefore, was a little more than one month shy of his 21st birthday.

PCRA Court Opinion, Order, and Notice of Intention to Dismiss, 12/19/22, at 1-5 (unnecessary capitalization omitted) (emphasis added).

On March 7, 2022, Appellant filed the current PCRA petition, his fifth. In his PCRA petition, Appellant raised "issues of ineffective assistance of counsel for failure to move to suppress evidence of a telephone conversation and prosecutorial misconduct." *Id.* at 5. On December 19, 2022, the PCRA

court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, citing, *inter alia*, the untimeliness of Appellant's petition. On May 8, 2023, the PCRA court dismissed Appellant's petition. This timely appeal followed.[1]

Appellant raises the following issue on appeal:

1. [Whether the PCRA court erred in dismissing Appellant's petition?]

*See generally* Appellant's Brief.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The

---

[1] The PCRA court dismissed Appellant's PCRA petition on May 8, 2023. On June 26, 2023, however, the PCRA court issued an order indicating that the May 8, 2023 order was returned to the PCRA court after service upon Appellant was attempted at the wrong prison. That day, the PCRA court forwarded the May 8, 2023 order to Appellant's correct address. It is well-settled that the date of the entry of an order is not established until the clerk of courts mails or delivers a copy of the order to the parties. *See* Pa.R.A.P. 108(d)(1); *see also* Pa.R.Crim.P. 114 (requiring the clerk of courts to furnish a copy of trial court's orders to each party or attorney and to record in the docket the time and manner of service). As the May 8, 2023 order was not served on Appellant until June 26, 2023, and Appellant filed his notice of appeal on July 21, 2023, within 30 days of the date of service, we consider Appellant's appeal to be timely filed. *See Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023).

question of whether a petition is timely raises a question of law, and where a petition[] raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on August 11, 1995, at the expiration of the time for seeking review in our Supreme Court. As such, Appellant had until August 11, 1996, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until March 7, 2022, almost 26 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant claims that he satisfied the newly-discovered fact timeliness exception. This Court previously explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted). To plead and prove the timeliness exception set forth at Section 9545(b)(1)(ii), a petitioner need not identify a "direct connection" between the proffered newly-discovered fact and the claims asserted in his or her petition, but "the statutory language requires there be some relationship between the two." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018), *appeal denied*, 229 A.3d 569 (Pa. 2020).

Herein, Appellant claims that on January 7, 2022, he received the "client file" from the "clerk of court of Westmoreland County, Pennsylvania" which apparently included an affidavit of probable cause that Appellant claims he

"never had or [saw] before" even though he "made every effort to get the files." *Id*. Appellant further claims that, upon reviewing the affidavit, he learned, for the first time, that it contained a statement indicating that Appellant called an individual, Aisha Arbuckle, and stated that he "just killed a man." *Id.* Based upon the foregoing, Appellant ostensibly argues that the PCRA court erred in dismissing his PCRA petition.

Appellant's claim fails–and does so for two reasons. First, in his appellate brief and PCRA petition, Appellant seemingly admits that his counsel was aware of the affidavit of probable cause, including its contents, and was therefore ineffective for failing to, *inter alia*, move to suppress the evidence of this telephone call or properly investigate it. **See** Appellant's Brief at *4; **see also** Appellant's PCRA Petition, 3/7/22, at 2-3. In fact, Appellant contends that his counsel committed a violation by not turning over the affidavit of probable cause to him. *Id.* at 3 (stating that his counsel was "obligated to disclose evidence or information that the Commonwealth has or is plan[n]ing on using against [him]"). Second, the fact that Appellant argues that trial counsel was ineffective in failing to pursue suppression of the telephone call demonstrates that evidence of the telephone call was used by the Commonwealth during Appellant's trial.[2] Hence, even if Appellant were not provided with the affidavit of probable cause, the underlying fact, *i.e.*, that Appellant made a telephone call admitting to killing a man, is something

---

[2] The transcripts of the Commonwealth's case-in-chief were not included in the certified record on appeal.

Appellant was made aware of at the time of trial. The affidavit of probable cause is nothing more than a new source of a previously known fact. ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (explaining that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts."). Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 4/4/2024